# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BRIAN GAVIN and CHRISTOPHER GAVIN<br><br>Plaintiffs,<br><br>v.<br><br>CHAD MERRILL, DAVID MERRILL, LETITIA MERRILL, HIGH PEAKS CONSTRUCTION, LLC, and ABC BUILDERS, INC.<br>Defendants. | Case No. 2:25-cv-_____<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiffs Brian and Christopher Gavin engaged Defendant ABC Builders, Inc., operated by Chad Merrill and David Merrill, and High Peaks Construction, LLC, a related entity to ABC operated by David Merrill, to build a home in Strong, Maine. The home was plagued by numerous defects, many of which remain unremedied to this day, and which have cost upwards of six-figures to address. The Gavins now have reason to believe that David and Chad, together with Chad's wife Letitia, are working to remove assets from the ABC business in anticipation of liability. Accordingly, the Gavins bring this complaint seeking damages, equitable relief, and attorneys' fees. A motion for attachment and attachment on trustee process is being filed contemporaneously with this complaint.

## THE PARTIES

2. Plaintiff Brian Gavin is a citizen of the state of New York.

3. Plaintiff Christopher Gavin is a citizen of the state of Connecticut.

4. Defendant ABC Builders, Inc. ("ABC") is a Maine corporation with a principal place of business in Anson, Maine.

5. Defendant Chad Merrill ("Chad") is a citizen of the state of Maine.

6. Defendant David Merrill ("David") is a citizen of the state of Maine.

7. Defendant Letitia Merrill ("Letitia") is a citizen of the state of Maine.

8. Defendant High Peaks Construction, LLC ("High Peaks") is a Maine LLC with a principal place of business in Kingfield, Maine.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331(a)(1), as Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of events giving rise to the claim occurred within the District of Maine.

## FACTUAL BACKGROUND

11. In September 2023, Plaintiffs hired Defendants ABC, related entity High Peaks, and Chad and David Merrill to construct a single-family residence in Strong, Maine.

12. Plaintiffs had already obtained the land and detailed architectural plans for the residence from Ellen Albrecht, a designer with ENS Associates. ABC was hired to build to the specifications previously selected.

13. ABC, High Peaks, Chad, and David did not give any indication that they were unable to build from the design.

14. ABC, High Peaks, Chad, and David held themselves out as able to do skilled and capable building work.

15. Despite its purported ability to do the project, neither ABC, nor High Peaks, nor Chad nor David offered a written contract to Plaintiffs.

16. ABC, High Peaks, Chad, and David did, however, estimate the cost of the project at $394,000.

17. ABC, High Peaks, Chad, and David often would request to be paid in cash.

18. Upon information and belief, Defendants commingle funds between various accounts.

19. Upon information and belief, ABC has no corporate officers other than Defendant Chad Merrill, his wife, Letitia Merrill, and David Merrill.

20. Upon information and belief, High Peaks has no members other than David Merrill.

21. As the project progressed, Plaintiffs noticed an increasing number of defects and poor workmanship. They raised these issues with ABC, High Peaks, Chad, and David, as did the designer, Ellen Albrecht. These issues were not addressed, however, leading Plaintiffs to eventually terminate the relationship with ABC, High Peaks, Chad, and David on July 29, 2024.

22. Plaintiffs continued to investigate and found more defects.

23. The designer responsible for the project, Ellen Albrecht, provided a list of specifications for the project to ABC, many of which were ignored.

24. Defects found both during the time of ABC, High Peaks, Chad, and David's engagement and after included, but were not limited to:

   a. The siding installation did not meet manufacturer specifications, which voided the warranty. In addition, the supplier of the siding indicated that the error would likely require the siding to be replaced in 2-3 years, well below the standard life of the siding. This also renders painting impractical because the siding will have to be

replaced before the useful life of the paint and painters will not complete the work due to the defects.

b. The foundation and framing were not done to specification. Specifically, one side of the house is 5 inches shorter than depicted in the plans, resulting in various components not fitting. The roof and dormer area were built 3 inches out of square, preventing installation of roofing in accordance with specifications, and just as importantly, rendering the profile of the house asymmetrical and unattractive. Additionally, due to framing errors the 2nd floor bunk room & window placements are not according to overall size, placement and overall specifications.

c. The foundation was excavated to an improper depth, and ABC's efforts to fix this problem by pouring additional concrete has resulted in persistent water infiltration in the basement. This will require significant expense to regrade the grounds to address drainage issues. Just last weekend, Plaintiffs had to pump thousands of gallons of water out of the basement, which was flooded with 4-inches of water across its entirety.

d. The exterior doors were not installed in accordance with specifications, and were in fact not the doors referenced on the plan at all.

e. In addition to the siding defect, Plaintiffs had to expend additional funds to obtain additional labor and materials that ABC, High Peaks, Chad, and David should have provided.

f. Roofing work was left unfinished, as was siding work.

g. Insulation work was unfinished and of poor quality. In fact, Chad Merrill had his uncle, who is not even licensed, put in the insulation.

h.  The subfloor on the first floor was not installed correctly, causing the primary floor installation to fail.

i.  During initial framing of the second floor of the home, the center ridgeline beam was incorrectly installed in excess of 20 inches to the rear, causing a significant alteration to the design. ABC resisted correcting this and attempted to refute the error to us and our designer. Ultimately ABC did correct this, but only after an additional payment of $2,000 toward new material, because Plaintiffs were concerned that Chad Merrill would walk off the job rather than correct it.

j.  Because the basement was installed incorrectly, Plaintiffs were forced to relocate the HVAC systems to the first floor closet to avoid flooding; this caused additional expenses to the electrician and HVAC contractor, and resulted in Plaintiffs' losing the use of the only first floor closet.

k.  As a result of the HVAC shift, the mini-split unit and the gas furnace are in close proximity, causing each system to suck in exhaust from the other, which harms the air quality in the house. This can only be fixed by either moving the furnace or building a new custom exhaust system. All of this would have been avoided had the basement been built properly.

l.  The first-floor bathroom was also framed incorrectly. This forced Plaintiffs to move the laundry facilities to the front entryway facing the lake, because ABC was unwilling to reframe to meet the design specifications.

25. The above are only a selection of the many issues that have affected the construction.

26. Plaintiffs contacted ABC, High Peaks, Chad, and David to request that the above issues and others be remedied. Neither ABC, High Peaks, nor Chad, nor David remedied the issues, and they have ceased communication.

## COUNT I – Negligence/Professional Malpractice (ABC, High Peaks, Chad Merrill, David Merrill)

23. Plaintiffs repeat and reallege the allegations made in Paragraphs 1 through 22.

24. Defendants Chad and David held themselves out as skilled builders and did the bulk of the work on the project themselves or through subcontractors they retained.

25. Defendants Chad and David owed a duty to Plaintiffs to build a residence with workmanlike quality and to professional standards.

26. Through their errors and omissions, including but not limited to those identified in Paragraphs 21a through 21g, and those that may yet be discovered, Defendants breached this duty.

27. This breach caused harm to Plaintiffs.

28. This breach damaged Plaintiffs by forcing them to incur over $150,000 to date in expenses relating to remedying the breach. In addition, the errors are so significant that the residence may not even be insurable and may need to be rebuilt from scratch as a total loss.

29. As the employers of Chad and David, and the entities through which they hold themselves out to offer services, ABC and High Peaks are vicariously liable for Chad and David's negligence, as well as any negligence by subcontractors of ABC or High Peaks.

## COUNT II – Breach of Contract (ABC, High Peaks, Chad Merrill, David Merrill)

30. Plaintiffs repeat and reallege the allegations made in Paragraphs 1 through 29.

31. Plaintiffs and Defendants ABC, High Peaks, Chad Merrill, and David Merrill entered into an agreement whereby Defendants, for consideration paid by Plaintiffs, would deliver a custom-built residence, built to specifications, and built with a workmanlike quality.

32. Through their errors and omissions, including but not limited to those identified in Paragraphs 20a through 20l, and those that may yet be discovered, Defendants breached this agreement.

33. This breach damaged Plaintiffs by forcing them to incur over $150,000 to date in expenses relating to remedying the breach. In addition, the errors are so significant that the residence may not even be insurable and may need to be rebuilt from scratch as a total loss.

## COUNT III – Unjust Enrichment

34. Plaintiffs repeat and reallege the allegations made in Paragraphs 1 through 33.

35. In paying for the construction of the residence, Plaintiffs conferred a benefit to Defendants.

36. Defendants knew of and accepted that benefit.

37. Because Defendants failed to deliver the residence that the payment was for, it would be unjust to permit Defendants to retain the benefit conferred.

## COUNT III – Violation of Maine Home Construction Contract Act (ABC, High Peaks, Chad Merrill, David Merrill)

38. Plaintiffs repeat and reallege the allegations made in Paragraphs 1 through 37.

39. Maine law requires that home construction contracts with a contract price of more than $3,000 be in writing.

40. Defendants failed to provide a contract in writing to Plaintiffs.

41. Therefore, Defendants are in violation of the Maine Home Construction Contract Act, 10 M.R.S. §§ 1486 *et seq*.

### COUNT IV – Piercing of Corporate Veil (All Defendants)

42. Plaintiffs repeat and reallege the allegations made in Paragraphs 1 through 41.

43. Upon information and belief, Defendants have abused the corporate form in using ABC as an alter ego for themselves.

44. ABC has limited presence online; it does not appear to have a website and may not even be operating as a going concern at this time. High Peaks is similarly limited.

45. All three Defendants are officers in ABC, but on information and belief, ABC has no additional officers or directors and Defendants pervasively control ABC.

46. Upon information and belief, David Merrill is the only member/officer of High Peaks.

47. Upon information and belief, Defendants do not observe corporate/entity formalities.

48. Upon information and belief, corporate/entity assets are held by individual Defendants, as evidenced by Chad and David requiring direct cash payment from Plaintiffs.

49. Upon information and belief, there are no independent officers and directors.

50. ABC and High Peaks appear to be thinly capitalized. Plaintiffs have observed Defendants closing their offices and selling construction equipment.

51. Upon information and belief, ABC does not pay dividends and may not have any shareholders outside of Defendants.

52. Beyond the sales of tangible personal property described above, Defendants have engaged in real property sales over recent years causing Plaintiffs to believe that Defendants may be collecting assets as individuals rather than within corporate accounts.

53. Upon information and belief, this will leave ABC and/or High Peaks unable to pay the entirety of a judgment in this matter.

54. The above circumstances suggest that Defendants have dominated, abused, or misused the corporate/entity form, and that an unjust or inequitable result would arise if the Court recognized the separate corporate/entity existence.

55. The Law Court has previously held that where a builder has direct, personal dealings with purchasers and misrepresents the quality of his work, is thinly capitalized, and has very few or only one officer/director leading to pervasive control, veil piercing may be appropriate. *See State v. Weinschenk*, 2005 ME 28, ¶¶ 19–20, 868 A.2d 200.

56. Here, veil piercing is appropriate because the individual Defendants are likely using the corporate form to enrich themselves and remove assets from ABC and High Peaks, and it would be unjust and inequitable to leave Plaintiffs at the risk of Defendants using the corporate/entity form of ABC and High Peaks to prevent Plaintiffs from reaching assets necessary to satisfy a judgment.

WHEREFORE, Plaintiffs respectfully request that:

    a. The Court pierce the corporate/entity veil and hold all Defendants liable to Plaintiffs;

    b. The Court declare Defendants in violation of the Maine Home Construction Contract Act;

    c. The Court enter judgment in Plaintiffs' favor on all claims;

    d. The Court award damages in an amount to be proven at trial, but not less than $595,000;

    e. The Court award attorneys' fees, and;

    f. The Court award any other relief it deems appropriate.

Plaintiffs demand a jury trial on all issues so triable.

Dated: May 19, 2025

          /s/ Eamonn Hart_____
          Eamonn R.C. Hart, Bar No. 5936
          Brann & Isaacson
          113 Lisbon Street, PO Box 3070
          Lewiston, Maine 04243
          Telephone: (207) 786-3566
          Email: ehart@brannlaw.com

*Attorney for Plaintiffs Brian and Christopher Gavin*